IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRANDON WILLIAMS                                                 PETITIONER

v.                                                                     No. 1:18CV105-SA-DAS

STATE OF MISSISSIPPI                                            RESPONDENT

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Brandon Williams for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

*Exhaustion*

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>           (ii) circumstances exist that render such process ineffective to protect the rights of the appellant

. . .

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of

exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

*Facts and Procedural History*

On September 2, 2014, Brandon Williams pled guilty to possession of cocaine and was sentenced to three years in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender under Miss. Code Ann. § 99-19-81. Exhibit A1 (Docket, Indictment, Petition to Enter Plea of Guilty, Sentencing Order, and Transcript, Cause No. CR-2013-11, Yalobusha County Circuit Court). Despite Mr. Williams's mandatory sentence as a habitual offender, he was released on parole on January 28, 2015, due to an administrative error. Exhibit B (Inmate Time Sheet). When Mississippi Department of Corrections officials discovered the administrative error, a warrant for Williams's arrest was issued by MDOC on September 19, 2016 (Exhibit C), and he was returned to MDOC custody on May 11, 2017 (*See* Exhibit B, Inmate Time Sheet). Rosetta S. Young, Deputy Director of Records for the MDOC, prepared an Affidavit regarding the administrative error. *See* Exhibit D (Affidavit of Rosetta S. Young).

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

In the instant petition, Mr. Williams challenges MDOC's calculation of his sentence. He alleges that his tentative release date is May, 2019, which will cause him to serve "a 4 year sentence with MDOC instead of 3 years," and that he does not get "credit for, nor any reimbursement of funds [he] paid to be on [parole]." ECF doc. 1, p. 4. Mr. Williams requests "credit for the time [he] was under the supervision of MDOC while on [parole]," and he requests "reimbursement of funds [he] paid to be on [parole] if [he does] not get credit for the time [he] served while on [parole]." ECF doc. 1, p. 5. He attached to his petition a Certificate of Parole showing a parole date of January 28, 2015, as well as a Discharge Certificate showing a discharge date of December 10, 2015. ECF doc. 1, pp. 13-14.

Mr. Williams filed a request for administrative relief through the MDOC's Administrative Remedy Program ("ARP"), docketed as #CMCF-17-2163, in which he sought a copy of his time sheet and records regarding his parole and GPS monitoring. His time sheet was provided to him, but officials told Mr. Williams that he would have to request his parole records from his parole officer. Exhibit E (ARP documents). Mr. Williams then filed a request with ARP on May 16, 2018, in which he alleges substantially the same issues as raised in the instant Petition. Exhibit F. A response letter was sent to Williams advising him that only one complaint can be made per ARP request. *Id*. These are the only filings Mr. Williams has made with ARP regarding the time calculation issues alleged in the instant petition.

State court records reflect that Mr. Williams did not appeal any ARP decision with the appropriate circuit court so that he might seek review in the Mississippi Supreme Court. Employees with the Circuit Clerk Offices of Yalobusha County (county of original conviction) and Greene County (where the petitioner has been housed), Chickasaw County (where the petitioner has been housed), and Sunflower County (where the petitioner is currently housed),

verified to counsel for the State that Mr. Williams has no current filings in these counties. Mr. Williams filed a Motion for Sentence Modification on September 15, 2017, in the Yalobusha County Circuit Court, which was denied on November 14, 2017. Exhibit G. The Mississippi Supreme Court's docket, as available on that court's official website, does not reflect an appeal of the trial court's denial of his Motion for Sentence Modification nor any other pleadings filed by Mr. Williams.

Mr. Williams still has the remedy of application for post-conviction relief pursuant to Miss. Code Ann. § 99-39-5(h), if he claims "that his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody" – a remedy he may pursue in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 5th day of March, 2019.

    /s/ Sharion Aycock  
    U. S. DISTRICT JUDGE